29 P.(2d) 488

CASNA v. WHITE et al.
No. 3856.

Supreme Court of New Mexico.
Jan. 23, 1934.

.Rehearing Denied Feb. 27, 1934.

W. A. Keleher and T. E. Jones, both of Albuquerque, for appellants.

R. R. Ryan, O. N. Marron, Francis E. Wood, and Owen B. Marron, all of Albuquerque, for appellee Albina Casna.

H. C. Denny and H. S. Glascock, both of Gallup, for appellees White.

WATSON, Chief Justice.

In July, 1925, Albina Casna became possessed of six lots under an executory contract to purchase from Gallup Townsite Com-

pany. She proceeded to erect a residence thereon and in the main paid the cost thereof.

In July, 1926, she arranged with George Bubany to furnish materials and labor for the erection of a dance pavilion and to secure him by mortgage on the property. The pavilion having been erected, she gave him a mortgage in the sum of $3,000. In February, 1928, she gave a new mortgage in the same sum by way of renewal and for correction of errors, but for the same indebtedness. Bubany always had knowledge of the townsite company's legal title.

In November, 1928, for the protection of his security, Bubany paid the townsite company $1,950 due it under the executory contract; and obtained from it a warranty deed, reciting that the conveyance was subject to the contract rights of Casna. Contemporaneously with the deed, the townsite company exacted from Bubany a written agreement to which Casna was not a party, and by which she was not bound. By it Bubany agreed to protect the townsite company as against Casna, to account to Casna for whatever amount he might obtain in a sale of the property in excess of his mortgage debt and the amount paid to the townsite company, plus interest and expenses, and to apply income in the same way.

In January, 1929, having been advised of defects in the title, Bubany instituted a suit to quiet title. Casna was named a defendant, and judgment went against her by default. In fact, however, there was an understanding between her and Bubany that the suit was for her use and benefit. She consented to the suit and agreed to pay the costs and expenses. Bubany at all times held out that the title thus quieted was mere security for his debt.

In November, 1929, Bubany sold and warranted the property to Herman White and wife for a consideration of $5,750, without the knowledge or consent of Casna. The Whites acquired the property in good faith, but with constructive notice that Bubany's interest was that of a mortgagee. Without Casna's consent they expended $3,119 in improvements.

The value of the property at the time of trial was $14,119, while Casna's outstanding indebtedness to Bubany amounted to $6,000.

Such, in summary, are the essential findings, and appellant does not challenge them.

Casna instituted suit on the theory that Bubany's acts were a fraudulent attempt to deprive her of her property, in which the Whites had participated. She asserted the right to redeem the property, or, in the alternative, to damages as against Bubany to the amount of the value of the property less her indebtedness, if the court should determine that the Whites were not parties to the fraud and were entitled to hold the property.

Upon the findings the learned trial judge made numerous conclusions amounting to this: That Bubany never had more than a mortgagee's interest; that the Whites acquired no more, and as against Casna were not entitled to recoupment, set-off, or reimbursement for their improvements; that Casna was equitably entitled to redeem the property by payment of $6,000; that the Whites

would then be entitled, as against Bubany, to recover $8,119, the present value of the property less the redemption money, by reason of Bubany's covenants of warranty; that even as between Casna and the Whites, equity and good conscience required the protection of the latter's title by requiring Casna to take, instead of the property, a money judgment for the value thereof.

On these conclusions personal judgment went for Casna against Bubany and wife for $8,119. The Bubanys appealed, citing Casna and their codefendants, the Whites, as parties appellee.

The first point relied on for reversal is that the court erred in rendering the money judgment. In urging the point appellants acquiesce in the trial court's theory of fact, and in its theory of law up to a certain point. They contend, however, that since, as the court found, appellants were merely mortgagees and appellees White took with constructive notice, the only remedy open to appellee Casna was redemption. The complaint claimed no more than this, they say, except in the event appellees White were found to be bona fide purchasers for value without notice. The court, they say, found against the only situation which would have entitled appellee Casna to personal recovery.

The trouble with this contention is pointed out both by appellee Casna and by appellees White. It is here urged for the first time. There were no exceptions to the findings' or the conclusions. Appellees White were naturally content. Appellee Casna made no objection. If appellants had objection to going thus beyond the issues and settling the equities as between the codefendants, they should have resisted it at the time.

They insist, however, that the error is fundamental and so may be urged here even though not formerly raised. They cite Fulghum v. Madrid, 31 N. M. 91, 240 P. 990; King v. Doherty, 32 N. M. 431, 258 P. 569; Baca v. Perea, 25 N. M. 442, 184 P. 482; Sais v. City Electric Co., 26 N. M. 66, 188 P. 1110; In re Jaramillo's Estate, 33 N. M. 626, 274 P. 47; Murphy Sanitarium v. Trustees, 33 N. M. 284, 265 P. 717; Crawford v. Dillard, 26 N. M. 291, 191 P. 513; Blake v. Hoover Motor Co., 28 N. M. 371, 212 P. 738; Schaefer v. Whitson, 32 N. M. 481, 259 P. 618; Bays v. Albuquerque Nat. Bank, 34 N. M. 20, 275 P. 769.

We deem it unnecessary to discuss these familiar cases. Suffice it to say that we consider none of the principles there established applicable here.

The trial court obviously attempted to settle all equities in the one suit. He considered that on payment of $6,000, appellee would be entitled to property worth $14,119, a net recovery in property of $8,119. He considered appellees White, if deprived of the property, damaged by appellants in the amount of its value, less the redemption money, or $8,119. So he gave Casna the judgment instead of the property. She might have complained but did not. The Whites were, of course, satisfied. If the court's premises were correct, the Bubanys were not substantially injured.

If the premises were incorrect, it was the duty of appellants to point out their error. They took no exceptions, but by their tendered findings and conclusions insisted that

appellee Casna was entitled to no relief whatever. Their theory was that appellees White were fully protected by the judgment quieting title, and that, while appellants had held and disposed of the property in trust for appellee Casna, and were accountable to her for the proceeds of sale, they had fully accounted and that a balance was in fact due them. Such being their theory below, they cannot be permitted to seek reversal on a different theory of which they gave no notice either to the court or to counsel.

It may be that the issues as made up by the pleadings were not such as to invite a consideration of the liability of appellants to appellees White on their warranties. It may be that in determining that liability the wrong measure of damages was applied. Those matters we do not deem fundamental. It may be that the court erred in concluding that *as between Casna and the Whites* equity and good conscience required protection of the latter's title; the court having already held them chargeable with constructive notice of the infirmity of that title, and having held Casna not estopped as to the improvements. That would have been matter for objection by appellee Casna if appellants had then made the objections they do now.

We think that sound principles of review compel us to sustain the judgment as against the present contention.

█ The next point relied on is that the judgment in the quiet title suit bars relief. It is argued that, whether Bubany be deemed a vendor or an equitable mortgagee, Casna's interest was equitable merely; the statute of redemption does not apply; her rights could be strictly foreclosed; and the suit to quiet title was appropriate and efficient to accomplish such result.

This point, perhaps more clearly than the first, is unavailable to appellants. It is quite contrary to their theory below. If the court erred here, it was by invitation. Appellants contended that the former judgment was res judicata as to appellees White. As to themselves, they asked the court to conclude that by the townsite company's deed, Bubany was vested with legal title as trustee for Casna, and that even after the former judgment, Bubany "was trustee for the plaintiff for the purpose of selling the property and accounting to her for the funds and for the proceeds," and "that the plaintiff is entitled to an accounting of the proceeds from the sale of said property as of November 7, 1929," date of the sale to White.

█ Next it is contended that "the plaintiff is estopped to assert her interest in the property." Appellants' position is that by knowledge and acquiescence appellee Casna is equitably estopped from repudiating the sale made by Bubany, and can claim no more than its proceeds. This is a mixed question of fact and law decided against appellants. Much authority is cited on the principle involved. But it does not seem even to be contended that, as to the facts, the court's holdings are not supported by substantial evidence.

Finally there is the point that "the court erred in finding the value of the property at the time of trial." It must be overruled on the ground that there is substantial evidence of such value.

We conclude that the judgment should be affirmed and the cause remanded. It is so ordered.

SADLER and BICKLEY, JJ., concur.

HUDSPETH, J., dissents.

ZINN, J., disqualified.