361 P.2d 949

Lester A. PARKS and Clara Parks, his wife, and Bobby G. Parks and Gail Parks, his wife, Plaintiffs-Appellees,

v.

W. P. McINTOSH and Amolene McIntosh, his wife, and Minnie E. Cochran, Defendants-Appellants.

No. 6813.

Supreme Court of New Mexico.

April 20, 1961.

Rehearing Denied June 5, 1961.

Frank O. Westerfield, Albuquerque, for appellants.

Owen B. Marron, David W. King, Albuquerque, Stagner, Sage & Walker, Carlsbad, for appellees.

COMPTON, Chief Justice.

The parties to this action are ranchers of considerable experience in that field. The plaintiffs owned a ranch in Catron County consisting of both deeded and leased land. The defendants also owned both deeded and leased land in Lea County. They agreed to exchange ranches, and, in adjusting the consideration, the defendants gave plaintiffs a secured promissory note in amount of $7,000, bearing 6% interest, payable in annual installments of $1,000.

The agreement of the parties was embodied in a written contract, the pertinent provisions of which read:

"First Parties (defendants) agree to release and relinquish all state grazing leases now held by them and allow said leases to be taken by Second Parties, and waive or release any federal permit or grazing lease that they may have in favor of Second Parties.

"Second Parties (plaintiffs) agree to release and relinquish any state grazing leases that they may have and use in connection with their Catron County Ranch, and allow First Parties to take new leases thereon, and agree to waive any federal permit for grazing purposes, and allow First Parties to take the same."

The defendants admitted the execution and delivery of the promissory note but assert that it was void, being without consideration. The alleged failure of the plaintiffs to deliver a Forest Service grazing permit referred to in the evidence as "Rincon area", adjacent to their ranch, is the basis of the defendants' claim that the note was without consideration.

The defendants defaulted in the payments as provided by the term of the note and this action was instituted to recover on the note and to foreclose the mortgage securing the same. The court found for

the plaintiffs, entered judgment accordingly, and the defendants have appealed.

■ The defendants testified that plaintiffs represented to them that they held a Forest Service grazing permit covering the area mentioned. On the other hand, the plaintiffs testified that they did not represent to the defendants that they had such a permit but had applied for one, and that they would waive their right thereto in favor of the defendants if their application therefor should be granted. In this situation, it was the province of the trial court to determine the weight of the evidence and the credibility of the witnesses. It follows, therefore, that the finding of the court, based on conflicting evidence, is conclusive on appeal. Barela v. De Baca, 68 N.M. 104, 359 P.2d 138; Huston v. Huston, 56 N.M. 203, 242 P.2d 495.

■ The defendants further complain of the ruling of the court in refusing to make certain findings and conclusions requested by them. We find no merit to this contention. The finding made being supported by substantial evidence, it was not error to refuse contrary findings and conclusions. Hyde v. Anderson, 68 N.M. 50, 358 P.2d 619; Clodfelter v. Reynolds, 68 N.M. 61, 358 P.2d 626.

To rebut defendants' counterclaim, the court permitted the plaintiffs to introduce evidence concerning the value of the Catron County ranch, the acreage, various grazing permits, its carrying capacity, also the amount of livestock and other personal property exchanged in the deal. The point is made that such evidence could be admissible only to sustain an affirmative defense, and that no affirmative defense was pleaded. We find this point without merit.

■ Although it is difficult to relate appellants' argument under point 1, to the point stated by them, we perceive that they complain that the court failed to find either express or implied fraud in the fact that the real estate broker and the attorney who prepared the contract were representing both parties. This argument was never presented to the trial court but is advanced in this court for the first time. Consequently, we will not consider it. Casna v. White, 38 N.M. 183, 29 P.2d 488; Sena v. Sanders, 54 N.M. 83, 214 P.2d 226; Scofield v. J. W. Jones Construction Company, 64 N.M. 319, 328 P.2d 389.

The record being free from error, the judgment is affirmed with direction to the lower court to reinstate the case upon its docket and enter judgment against appellants and the surety upon their supersedeas bond.

It is so ordered.

CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.