362 P.2d 510

Sylvia Marie PEUGH and J. T. Clegg, Plaintiffs-Appellants,

v.

Maude E. CLEGG, Defendant-Appellee.

No. 6861.

Supreme Court of New Mexico.

May 31, 1961.

Mears, Mears & Boone, Portales, for appellants.

Smith, Smith & Tharp, Clovis, for appellee.

COMPTON, Chief Justice.

The appellants, basing their title to realty on a final order of the Probate Court of Roosevelt County, which purportedly determined the devisees and legatees of J. H. Clegg, deceased, and the status of his property, whether separate or community, brought this partition proceeding in which they alleged that the parties owned as tenants in common an undivided one-third interest each in a certain tract of land acquired as devisees of the deceased. The appellee then was residing upon the premises, and appellants also sought an accounting for rents, etc.

Appellee, the widow of the decedent, denied appellants' claims of interest in the tract and affirmatively alleged that she owned an undivided two-thirds interest therein, and that the appellants jointly were the owners of the remaining one-third interest. Counterclaiming, appellee alleged that the parties were owners as tenants in common of two other tracts of land also acquired as devisees of the deceased; that she owned an undivided two-thirds interest in one tract and that the appellants owned an undivided one-sixth interest each therein; that as to the other tract, she owned an undivided five-sixth interest therein and that the appellants owned an undivided one-twelfth interest each therein. She also sought partition of all three tracts.

Replying, appellants joined issue and, by counterclaim, they asserted an undivided

one-third interest each in the two latter tracts. Further replying, they affirmatively alleged that the interests of the respective parties in each tract had been determined previously by the Probate Court of Roosevelt County, and that such determination was conclusive as to such interests.

On the issues thus framed, the cause was tried to the court. The trial court found that the appellee was entitled to partition as prayed for in her answer; however, as to her counterclaim, the court found that the two latter tracts had been sold on contracts and that she was entitled to share in the proceeds derived therefrom on the same ratio as prayed for in her counterclaim. The court further found that the decedent had so commingled the separate estates of the parties with their community property that the separate property of the deceased could not be traced to any of the tracts involved. Judgment was entered accordingly, and the appellants appeal.

Appellants first contend that the matters urged by appellee in her answer and counterclaim questioning the jurisdiction of the probate court to determine the title to real estate constitute a collateral attack on the decree of the probate court; hence, the district court was without jurisdiction in the matter. We see no basis for this contention. The record discloses that the final order of the probate court was appealed by appellee to the district court; there, the order was vacated and set aside on the ground that the probate court was without jurisdiction to determine the question whether the property standing in the name of the decedent was his separate property or the community property of the deceased and the appellee. The question of jurisdiction may be raised at any time and does not constitute a collateral attack on a decree of an inferior court. The district court also delayed the closing of the estate until the status of the property had been determined in this proceeding; consequently, the question of a collateral attack on the decree of the probate court is not an issue here.

Appellants make the argument that the action of the trial court "was contrary to the evidence presented at the trial and the law applicable to cases of this character." Specifically, they contend that all property standing in the name of J. H. Clegg at the time of his death was his separate estate, and, further, that the community property of the parties consisted merely of an automobile of the approximate value of $200 and household goods.

We briefly discuss a rather lengthy record. J. H. Clegg was married twice; his first wife died in March 1927, and the appellants are the issue of the first marriage. Thereafter, on May 29, 1929, he married the appellee. Previously, he had acquired 640 acres of land in Quay County on which they resided for a brief period of time.

They then moved to Oklahoma, but returned to the farm in 1932, where they maintained their home until 1943. During the time they resided on the farm, they cultivated a part of the land, also engaged in the raising of livestock.

In 1943, they sold the farm, then encumbered by a mortgage, and moved to Portales, purchasing what is known as the Lillian Marshall home, and taking the title thereto in the name of J. H. Clegg. This tract was subdivided and sold at a considerable profit. The proceeds received therefrom were reinvested by him in the purchase of the tracts involved, the titles to which were taken in the name of J. H. Clegg. J. H. Clegg died January 22, 1958.

Frankly, appellants presented evidence that would have supported a finding that all three tracts were the separate estate of the deceased. On the other hand, there is evidence of a substantial nature that supports the findings made. After their marriage, appellee inherited property upon the death of her father, including $800 cash, which amount she invested in livestock and which were sold by the decedent and placed in his bank account; that the sum of $1,000 received from the sale of farming machinery also went into the decedent's bank account; that these funds or a substantial portion thereof, together with an additional amount of $500, which the decedent and appellee had borrowed, went into the purchase of the Marshall home. There is evidence also that the decedent's finances were meager when they returned to the Quay County farm in 1932.

■■ It was the province of the trial court to resolve the conflict in the evidence and it is firmly established in this jurisdiction that a trial court's finding on disputed fact questions, when supported by substantial evidence, is conclusive on appeal. Hyde v. Anderson, 68 N.M. 50, 358 P.2d 619; State ex rel. State Highway Comm. v. Tanny, 68 N.M. 117, 359 P.2d 350; New Mexico Bus Sales v. Michael, 68 N.M. 223, 360 P.2d 639.

■ Further, it is conceded that deeds to the three tracts of property involved were acquired during coverture of J. H. Clegg and appellee. In this circumstance, additional support for the court's finding is the presumption arising from the marital status of the parties. Section 57–4–1, 1953 Comp., in part, provides that "all other real and personal property acquired after marriage by either husband or wife, or both, is community property." See Campbell v. Campbell, 62 N.M. 330, 310 P.2d 266; In re Trimble's Estate, 57 N.M. 51, 253 P.2d 805.

The judgment should be affirmed, and it is so ordered.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.