369 P.2d 485

**William J. BUDAGHER, Plaintiff-Appellant,**

v.

**Jack E. LOE, Howard Herbert and Albuquerque Discount Club, Inc., a Corporation, Defendants-Appellees.**

No. 6884.

Supreme Court of New Mexico.

March 8, 1962.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellant.

Spiess & Hackney, Albuquerque, for appellees.

MOISE, Justice.

On November 7, 1958, plaintiff-appellant entered into a written contract for the sale of 5,000 Christmas trees of a stated average size to one Jack E. Loe, as purchaser. The trees were to be delivered to a location to be determined by Loe on or before dates set forth in the agreement, and Loe agreed to pay $2.00 per tree upon delivery. The trees were delivered as agreed but plaintiff was paid only $3,000.00, leaving a balance of $7,000 unpaid and owing.

This suit was instituted against Loe, Howard Herbert and Albuquerque Discount Club, Inc., a corporation. Loe was personally served, but failed to appear or answer and default judgment has been entered against him for the amount sought in the complaint.

Howard Herbert, as an individual, formerly operated the Albuquerque Discount Club. The plaintiff voluntarily dismissed him as a defendant. At all times material to this litigation Albuquerque Discount Club, Inc., was a corporation and all of its stock was owned by Howard Herbert. The business of the corporation consisted of leasing areas within a building owned or operated by it and lands adjacent to the building to

others for use by them in the operation of individual business enterprises.

At the time the written contract was entered into between plaintiff and Loe, Herbert was present and participated in the discussions. When the first trees were delivered, he advanced $2,000.00 which was paid to plaintiff. This was explained by Herbert to be a loan to Loe. Plaintiff points to certain other acts of Herbert which it is claimed made Loe the agent of the corporation, or a partner or joint adventurer with it, or should be held to estop the corporation from denying that such relationship existed.

The court found that the business enterprise operated by Loe was at all times his individual and separate business; that Loe was at no time an agent, partner or joint adventurer with Howard Herbert or Albuquerque Discount Club, Inc.; and that neither of them ever represented to plaintiff or anybody else that any such relationship existed; that the contract sued upon was between plaintiff and Loe and that credit was extended exclusively to Loe; and that neither Howard Herbert nor Albuquerque Discount Club, Inc., at any time represented to plaintiff that the contract was theirs; and that in fact they were not parties to it. Based upon these findings the court concluded that plaintiff's complaint should be dismissed.

Plaintiff sets up' four points upon which he relies for reversal. Although, in form, they attack the court's findings that Loe was not an agent, partner or joint adventurer with the; defendant corporation they are in effect nothing more than an attack on the findings as not being supported by substantial evidence.

Plaintiff, in his brief, calls our attention to cases from this and other jurisdictions holding in effect that designation of agents need not be express, but that agency may be found based upon the facts and circumstances proved in a given case and the conduct and communication between the parties. See Brown v. Cooley, 56 N.M. 630, 247 P.2d 868; Jameson v. First Savings Bank & Trust Co., 40 N.M. 133, 55 P.2d 743, 103 A.L.R. 1492; Kennedy v. Justus, 64 N.M. 131, 325 P.2d 716. He also calls our attention to McNutt Oil & Refining Co. v. Mimbres Valley Bank, 10 Cir., 174 F.2d 311, and Douglass v. Mutual Ben. Health & Accident Ass'n, 42 N.M. 190, 76 P.2d 453, holding that agency may result from apparent authority and the application of the principles of estoppel. Raulie v. Jackson-Horne Grocery, Limited, 48 N.M. 556, 154 P.2d 231, is cited for the proposition that a principal is bound by the acts of his agent, not limited by the actual authority of the agent, but included are the acts within the apparent authority of the agent which the principal has knowingly permitted the agent

to assume, or which he has held the agent out as possessing.

On the partnership or joint venture theory, plaintiff calls our attention to certain evidence which he describes as substantial, which would have supported such a finding.

██ The difficulty with plaintiff's position is not that the law and facts to which our attention is called might not support his position. Its weakness lies in the fact that whereas the proof might have supported the theory of plaintiff, the trial court found otherwise, and the findings so made are in turn supported by substantial evidence. In this state of the record we are called upon to uphold the findings of the trial court. New Mexico Bus Sales v. Michael, 68 N.M. 223, 360 P.2d 639; Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511. The trial court resolved the conflict in the evidence as was its duty, and its findings being based upon substantial evidence, the same are conclusive on appeal. Peugh v. Clegg, 68 N.M. 355, 362 P.2d 510; Parks v. McIntosh, 68 N.M. 324, 361 P.2d 949; Brown v. Martinez, 68 N.M. 271, 361 P.2d 152. Having found as it did, the only conclusion possible was the one reached in favor of defendant.

The judgment should be affirmed. IT IS SO ORDERED.

CARMODY and NOBLE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.