420 P.2d 305

R. P. ORTIZ and Mary A. Ortiz, Plaintiffs-Appellees,

v.

Onofre JACQUEZ and Alvina M. Jacquez, Defendants-Appellants.

No. 7924.

Supreme Court of New Mexico.

Nov. 21, 1966.

H. J. Guthmann, George A. Graham, Sr., Santa Fe, for appellants.

E. P. Ripley, Santa Fe, Matias L. Chacon, Espanola, for appellees.

## OPINION

WALDO SPIESS, Judge, Court of Appeals.

Defendant, Onofre Jacquez, has appealed from an adverse judgment in an ejectment action involving land in Rio Arriba County. The action was commenced by the plaintiff Frank O. Gomez based upon a claim of title and right to possession of the land through a deed of conveyance from R. P. Ortiz. Jacquez claimed right of possession to the land based upon an oral agreement of purchase made with R. P. Ortiz, which oral agreement Jacquez alleged pre-dated the deed of conveyance to Gomez.

It is further contended by Jacquez that Gomez had notice of the oral agreement when he negotiated for the purchase of the land from Ortiz.

In addition to denying the allegation of the complaint in ejectment Jacquez affirmatively requested the court to specifically enforce his purchase agreement as against both Ortiz and Gomez and their wives and for cancellation of the deed to Gomez. In the alternative and in the event the court declined to specifically enforce the oral agreement Jacquez asked judgment against Ortiz and wife for amounts he had paid on the purchase price of the land and costs expended by him in constructing improvements upon it.

All interested parties were joined in the proceedings below and appear in this court.

The findings of fact and conclusions of law made by the court and relevant here are as follows:

\* \* \* \* \* \*

"3. That this cause was tried upon the complaint in ejectment of the plaintiffs Frank O. Gomez and Mrs. Frank O. Gomez and upon the cross complaint of the defendants against all plaintiffs seeking specific performance of an alleged oral contract for the sale of said land and cancellation of a deed thereto from R. P. Ortiz and Mary A. Ortiz to Frank O. Gomez and Mrs. Frank O. Gomez or in the alternative for judgment for $2,-524.25 alleged to have been paid pursuant

to the alleged contract and $1,000.00 for improvements alleged to have been constructed on the land by the defendants.

"4. That the plaintiffs R. P. Ortiz and Mary A. Ortiz were the record owners of title to the realty described in the complaint until October 22, 1959.

"5. That in the year 1955, the defendants leased the premises in question herein for grazing sheep thereon, and paid $225.00 as rental on said lease.

"6. That there were negotiations commencing in 1956 between the plaintiffs Ortiz' and the defendants for the purchase and sale of the land described in the complaint at a price of $7.00 per acre.

"7. That no agreement between the plaintiffs Ortiz' and the defendants was ever reduced to any writing subscribed by said plaintiffs on [or] their agent, and there was never any note or memorandum thereof in writing subscribed by said plaintiffs or their agent.

"8. That the evidence fails to establish the date when the payment for said land was to be made; fails to establish the method of payment and fails to establish the date when said oral transaction was to be completed.

"9. That some evidence was introduced that the sales price was to be paid to the counterclaimants Ortiz' by the defendants, when an alleged loan was obtained

by the defendants, but no clear evidence was presented to show that such loan transaction would be completed; that some evidence was presented that such loan was contingent upon the successful completion of a quiet title suit on other lands belonging to the defendants; that such a quiet title suit was instituted by the defendants, but eventually dismissed by motion of defendants' counsel in April of 1962, and no other quiet title action has ever been commenced.

\*     \*     \*     \*     \*     \*

"11. That the plaintiffs Frank O. Gomez and Mrs. Frank O. Gomez purchased the land from R. P. Ortiz and Mary A. Ortiz for the sum of $10.00 per acre on October 22, 1959, and received a deed therefor, said deed being recorded in Book 60, of Records of Deeds and Conveyances, Pages 485–486 of the Records of Rio Arriba County.

"12. That at the time of the purchase R. P. Ortiz informed Mr. Gomez that there was no person that held an outstanding interest in said lands.

"13. That at the time of purchase Frank O. Gomez made a personal inspection of said lands and found that they were open and unenclosed.

"14. That at the time of purchase Frank O. Gomez made a search of the Rio Arriba County deed and tax records and found no person other than R. P. Ortiz

**158**

and Mary A. Ortiz to be the holder of any recorded claim of title to said lands.

"15. That at all times material Mr. Jacquez occupied the land only for approximately two weeks in the spring and two weeks in the fall and that said lands were open and unenclosed.

"16. That the first notice Mr. Gomez had that Mr. Jacquez was making some claim to the land was subsequent to his purchase of the land from the Ortiz' on October 22, 1959 and subsequent to delivery of the deed to him.

\* \* \* \* \* \*

"21. That the value of the land and its rental value have increased since 1955, and the Jacquez' have made use of the land each year since 1955, and the reasonable yearly rental value of plaintiffs' land or similar land is 50 cents per acre.

"CONCLUSIONS OF LAW

"1. That the Court has jurisdiction over the parties hereto and the subject matter hereof.

"2. That the defendants have failed to establish the terms and method of payment of the consideration for the alleged oral contract with the Ortiz' by clear and convincing evidence sufficient to entitle them to specific performance against plaintiffs or either of them.

"3. That defendants have failed to make a sufficient and timely tender of payment of the consideration for the alleged oral contract sufficient to entitle them to specific performance.

"4. That evidence with respect to past [part] performance of the alleged oral contract is insufficient to establish the terms of the alleged oral contract with sufficient certainty to entitle them to specific performance.

"5. That the plaintiffs Frank O. Gomez and Mrs. Frank O. Gomez are bona fide purchasers for value without notice.

"6. That the plaintiffs Gomez' are the owners seized in fee, and entitled to the possession of the lands described in paragraph 1 of their complaint, and are entitled to the relief by ejectment prayed in their complaint against the defendants.

"7. That none of the parties shall have damages in this cause, but plaintiffs shall have their costs herein expended."

It is contended by appellant that the trial court erred in both making and refusing to make a substantial number of findings of fact and conclusions of law. Reversal, however, is sought under two points.

First, it is contended that the oral agreement was an enforceable contract of sale entitling appellant to specific performance or in the alternative to damage against Ortiz for improvements made to the land and monies paid on the purchase price. This point in substance amounts to an

attack upon conclusions of law Nos. 2, 3, 4, and 7, and the findings of fact Nos. 8, 9 and 21.

Under point II appellant asserts that Gomez was not a bona fide purchaser for value of the land without notice of oral agreement. Under this point appellant attacks findings of fact Nos. 12 and 16, and conclusions of law Nos. 5 and 6.

■ It is fundamental that if Gomez was a bona fide purchaser for value without notice of appellants' claimed interest that the oral agreement would be of no effect as to him even if it be treated as an enforceable agreement as between appellant and Ortiz. § 71–2–3, N.M.S.A. (1953); Mabie-Lowrey Hdw. Co. v. Ross, 26 N.M. 51, 189 P. 42 (1920). If point II is ruled against appellant we need not consider whether under the circumstances the oral contract was enforceable.

We first consider Point II. As we have said, appellant attacks certain of the findings of fact upon which the court concluded that Gomez and wife were bona fide purchasers for value without notice.

■■ With respect to whether Gomez had notice of appellants' oral contract so as to preclude him from being a bona fide purchaser the testimony was conflicting. The testimony of certain witnesses differed from that of appellee Gomez. No helpful purpose would be served by pointing out the testimony of the various witnesses. We have examined the record and conclude that the findings and conclusions are substantially supported by the evidence and in accordance with the well established rule these findings are conclusive upon appeal. Budagher v. Loe, 70 N.M. 32, 369 P.2d 485; Peugh v. Clegg, 68 N.M. 355, 362 P.2d 510; Parks v. McIntosh, 68 N.M. 324, 361 P.2d 949; Brown v. Martinez, 68 N.M. 271, 361 P.2d 152, 100 A.L.R.2d 1012.

■ The mere fact that contrary evidence may have been introduced which would have supported a different finding or conclusion does not authorize this court to weigh the evidence and substitute its judgment for that of the trial court. Addison v. Tessier, 65 N.M. 222, 335 P.2d 554; Hinkle v. Schmider, 70 N.M. 349, 373 P.2d 918.

Appellant has likewise asserted that his possession of the land constituted constructive notice to Gomez of his interest.

The trial court found, as we have pointed out, that at the time of purchase Gomez had inspected the land and found it to be open and unenclosed. Further, that appellant occupied the land for only approximately two weeks in the spring and two weeks in the fall.

The court declined to find, as requested by appellant, that at the time Gomez pur-

**160**

chased the land appellant was in active, open and notorious possession.

 Intermittent or occasional use of land is insufficient to operate as notice to a purchaser. Maxfield v. Pure Oil Company, Tex.Civ.App., 91 S.W.2d 892, 895 (1936); Black v. Black, 185 Tenn. 23, 202 S.W.2d 659 (1947); Christopher v. Curtis-Attalla Lumber Co., 175 Ala. 484, 57 So. 837 (1912).

Having ruled against appellant on Point II it follows that the oral contract was not subject to being specifically enforced as against appellee, Gomez, nor was the deed under which he claimed title subject to cancellation.

There remains only for us to consider whether the court erred in denying appellants' claim against Ortiz for purchase money paid Ortiz and cost of improvements to the land. Here, again, the substantial evidence rule is involved. The court found in substance and concluded, and in our opinion upon substantial evidence, that appellants' claim was offset by their use of the land from the year 1955.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.