421 P.2d 124

Harry A. HAMMOND, Plaintiff-Appellant,

v.

William E. BLACKWELL, Defendant-Appellee.

No. 8030.

Supreme Court of New Mexico.

Dec. 12, 1966.

Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Richard P. Campbell, Albuquerque, for appellee.

OPINION

SPIESS, Judge, Court of Appeals.

This is an appeal by the plaintiff Harry A. Hammond from a judgment awarding damages to him in the sum of $3,751.51 against the defendant, William E. Blackwell, resulting from an automobile accident which occurred January 8, 1963. It is plaintiff's contention that the damage award is grossly inadequate and for that reason this court of its own motion should increase the award or remand the cause for a new trial on the issue of damages. It is likewise contended that the trial court neglected to award damages in any amount for loss of earning ability which it concluded plaintiff had sustained as a result of the accident, and for this reason also a new trial should be awarded.

The issues were tried to the court without a jury and at the conclusion of the evidence the court made findings of fact with respect to the injuries and damage sustained by the plaintiff.

Based upon the findings it appears that plaintiff was involved in two accidents prior to January 8, 1963, one of which occurred in 1951 and the other in 1962. With respect to the 1962 accident the court made the following findings of fact.

"6. That in the 1962 accident, plaintiff suffered injuries to the cervical area of his spine and aggravation of a pre-existing condition in the lumbar area of his spine; that as a result of the injury to the lumbar area of the spine plaintiff had an operation on December 13, 1962 for a spinal fusion.

"7. That between January 19, 1962 and December 13, 1962, plaintiff was suffering from severe pain in his neck and in the lumbar-sacral area of the back; that he was nervous during this period of time as a result of the injuries suffered in the accident of January 19, 1962."

With reference to the accident involved here, the court found as follows:

"9. That on or about January 8, 1963, plaintiff was driving his automobile west on Menaul and came to a stop for a red light at the intersection of Menaul and Broadway; that at the same time and place the defendant negligently ran into the rear of the plaintiff's vehicle.

"10. That plaintiff felt immediately a searing pain in the lower part of his back approximately four inches below the lumbo-sacral joint; that he immediately consulted a doctor, Dr. Edward Parnall, the same doctor who had been treating him previously.

"11. That as a result of the negligence of the defendant, plaintiff suffered an aggravation of his pre-existing condition in the lumbo-sacral area of his back.

"12. That during this period of time, and up and through March 1, 1962, plaintiff has worked part-time as a real estate salesman.

"13. That the plaintiff has continued to suffer and will suffer mental pain and anguish and physical pain and suffering.

"14. That the plaintiff as the proximate result of the negligence of this defendant has incurred medical bills and expenses, and will incur medical expenses into the future.

"15. That the plaintiff has incurred damages as follows:

a. Medical expenses

| | |
|---|---:|
| Presbyterian Hospital | $ 28.55 |
| J. H. Wilmot, back brace repair | 34.32 |
| Dr. Edward Parnall | 673.10 |
| Drugs | 265.54 |
| Total | 1,001.51 |

b. Future medical expenses 250.00

c. Mental pain and suffering physical pain and suffering 1,000.00

d. Physical disability and injury in the sum of 1,500.00

"16. Plaintiff is entitled to a total judgment of $3,751.51 against the defendant."

The following appears as a conclusion of law:

"3. That the plaintiff suffered physical disability and injury, and loss of earning ability."

After the court had made and filed its findings of fact and conclusions of law but before judgment had been entered plaintiff, contending that the award was grossly inadequate, moved the trial court to increase the amount awarded or grant a

new trial on the issue of damages. The motion was overruled and the judgment in the amount stated was entered.

As we have said, plaintiff now asks this court to increase the award made by the trial court or remand the case for a new trial on the issue of damages.

 It is fundamental that the assessment of damages in a case of the kind involved here is a function of the trier of facts. An inadequate award will not be disturbed on appeal unless it appears to have resulted from passion, prejudice, partiality, undue influence or some corrupt cause or motive, where there has been palpable error or the measure of damage has been mistaken. See: Richards v. Sicks' Rainier Brewing Co., 64 Wash.2d 357, 391 P.2d 960, 2 A.L.R.3d 430 (1964); Farrow v. Cundiff, Ky., 383 S.W.2d 119 (1964); Wilkins v. Hopkins, 278 Ky. 280, 128 S.W. 2d 772 (1939); Lawson v. Sitgraves, 299 Ky. 545, 186 S.W.2d 182 (1945).

A like rule has been consistently applied by us where a remittitur or a new trial is sought upon a claimed excessive award.

In Michael v. West, 76 N.M. 118, 412 P.2d 549 (1966), we said:

" * * * in this jurisdiction that an award of damages will not be disturbed on appeal as excessive, except where it appears to have resulted from passion, prejudice, partiality, sympathy, undue influence, or some corrupt cause or motive, where there has been palpable error, or where the measure of damages has been mistaken. * * *

"The award in this case was made by the trial court and comes to us with the added weight of that court's denial of a motion for a new trial upon the single issue of the amount of damages."

The similarity between Michael and the case presently under consideration is apparent. The instant case comes to us with the added weight of the court's denial of a motion to increase the award or, in the alternative, grant a new trial on the issue of damages. As we have said, Michael involves a request for remittitur for a claimed excessive award and the case being now considered involves an additur for allegedly inadequate damages.

 We see no sound reason for adopting a different rule where it is claimed that an award is inadequate. In the instant case it is not claimed that the award was the result of passion, prejudice, partiality, sympathy, undue influence or corruption, nor do we find anything in the record to so indicate—consequently we will not disturb the award. Terrel v. Lowdermilk, 74 N.M. 135, 391 P.2d 419 (1964).

In any case the evidence relating to injuries which plaintiff sustained in the accident involved here was conflicting due largely to differing opinions of the expert

medical witnesses whose testimony was offered by the respective parties.

■ The conflict in the evidence was resolved by the trial court and its findings being based upon substantial evidence are conclusive upon appeal. Budagher v. Loe, 70 N.M. 32, 369 P.2d 485 (1962); Peugh v. Clegg, 68 N.M. 355, 362 P.2d 510 (1961); Parks v. McIntosh, 68 N.M. 324, 361 P.2d 949 (1961).

■ Plaintiff contends as an additional basis for a new trial that damages were not awarded by the trial court for loss of earning ability although the court expressly concluded that plaintiff had sustained such loss as a result of the accident involved in this case. In our view appellant is correct in his contention. A review of the court's decision above quoted discloses that the court apparently determined that plaintiff suffered a loss of earning ability as a result of the accident yet failed to specifically award damages in any amount for such loss, which will require a new trial.

We feel it is unnecessary, however, to require a new trial on all of the issues involved since only a determination of the amount of damages, if any, for loss of earning ability is necessary.

■ We have held that a new trial may be granted on the issue of damages only. Baros v. Kazmierczwk, 68 N.M. 421, 362

P.2d 798; Sellers v. Skarda, 71 N.M. 383, 378 P.2d 617.

This cause is accordingly reversed and remanded to the trial court for the only purpose of determining and including in the judgment an award for loss of earning ability found to have been sustained by the plaintiff.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.