575 P.2d 603

**DeBACA, INC., Plaintiff-Appellant,**

v.

**Manuel MONTOYA and Montoya Brothers, Defendants-Appellees.**

No. 11557.

Supreme Court of New Mexico.

Feb. 28, 1978.

Alvin Francis Jones, Roswell, for plaintiff-appellant.

Lamb, Metzgar, Franklin & Lines, Bernard P. Metzgar, Albuquerque, for defendants-appellees.

## OPINION

EASLEY, Justice.

Plaintiff-appellant, DeBaca, Inc. (DeBaca) filed suit against Montoya Brothers, a partnership, defendants-appellees (the brothers) and Manuel Montoya, father of the brothers, defendant-appellee (Montoya) alleging fraud and breach of a lease agreement. Montoya moved to dismiss DeBaca's complaint on grounds that it failed to state a claim. The trial court dismissed the complaint as to Montoya, and DeBaca appeals. We reverse the decision of the trial court.

### The Issues

Where a written lease is involved and a claim is made against an alleged wholly-undisclosed principal, may pleaded facts which contradict the contract and implicate the alleged principal be relied upon to defeat a motion to dismiss for failure to state a claim? A subsidiary issue is whether the pleaded facts dehors the contract constitute inadmissible parol evidence which varies the terms of the written lease.

### The Material Facts

DeBaca had a written sublease agreement with the brothers, which lease DeBaca alleged had been breached. DeBaca joined

Montoya by amended complaint and alleged that the brothers acted not only for their partnership but also as agent for Montoya.

DeBaca also claimed that although Montoya did not sign the lease, he was a principal; that Montoya had actively participated in the operation of the leased premises; that he was present on the premises on many occasions; that he represented to DeBaca that he was a part owner of the lease; and that he directed the activities on the leased land for the brothers and himself.

Montoya sought a dismissal of the complaint as to him, stating as grounds therefor that the written sublease made no mention of Montoya, and that the brothers did not sign as "agent" for him but in their own right. Montoya claimed that all allegations of facts in the complaint relating to his involvement with the brothers regarding the sublease referred to matters that occurred subsequent to the execution of the instrument and should be considered to be inadmissible parol evidence.

The district judge dismissed the amended complaint as to Montoya without specifying the basis therefor, except that Montoya was not a proper party.

### Test for Stating Claim

 The test for whether a claim has been stated has been set forth by this Court in *Hall v. Budagher*, 76 N.M. 591, 592, 417 P.2d 71, 72 (1966):

> In considering whether a complaint states a claim upon which relief can be granted we assume as true all facts well pleaded. * * * A further applicable rule is that the motion to dismiss a complaint should be granted only if it appears that upon no [state of] facts provable under the complaint could plaintiff recover or be entitled to relief. (Citations omitted.)

*Accord, Ramsey v. Zeigner*, 79 N.M. 457, 444 P.2d 968 (1968); *Rubenstein v. Weil*, 75 N.M. 562, 408 P.2d 140 (1965); *Jones v. International Union of Operating Engineers*, 72 N.M. 322, 383 P.2d 571 (1963).

 The amended complaint herein states facts which show a written contract, made by a partnership both for its own

benefit and allegedly for the benefit of an undisclosed principal, Montoya, and a breach thereof. If we may accept these facts as true for purposes of deciding whether a claim is stated, we will have no trouble concluding that plaintiff adequately states a claim against Montoya. We know of no other way plaintiff could frame a complaint against a wholly-undisclosed principal.

### Complaint Varying Lease Terms

Montoya, however, reasons that, since his signature was not on the lease, the facts recited in the complaint tending to show that he was an undisclosed principal cannot be considered by the court in determining whether a claim has been stated by the pleading. His theory is that the pleading of matters not contained in the contract itself, which matters change the import of the contract, constitutes varying the terms of a written contract by inadmissible parol testimony. The effect of establishing such a principle of law would be to say that an undisclosed principal could not be held liable under a written contract signed by his agent.

 This is not correct and ignores fundamental principles of agency law. The law in New Mexico is that an agency relationship can be created orally even where the contract made by the agent pursuant to authority given him by the principal is in writing, or even where such contract *must be* in writing to comply with the requirements of the Statute of Frauds. *Kennedy v. Justus*, 64 N.M. 131, 325 P.2d 716 (1958). Thus the mere fact that one makes a written contract does not prevent a third party from showing it was made by that person as an agent so that he can make a claim against the principal.

This is the classic situation where a wholly-undisclosed principal is involved.

> [T]he parol evidence rule does not prevent the introduction of oral testimony to show that a contract executed by and in the name of an agent is, in fact, the contract of the principal. The oral evidence does not contradict the writing because the agent remains bound by the

contract, and the effect is merely to show that by virtue of the law of agency his signature also binds another.

*Frohlich v. Metropolitan Chemical Company*, 61 Wash.2d 66, 377 P.2d 443, 446 (1962). *Accord, Kennedy v. Justus, supra.*

The only New Mexico case cited by appellees regarding this issue, *Luna et al. v. Mohr*, 3 N.M. (Gild., E.W.S. ed.) 63, 1 P. 860 (1884), is inapposite. It deals with old technicalities of pleading regarding negotiable instruments, not contracts generally, and was decided prior to adoption of our modern rules of pleading.

We find no merit in Montoya's claim that DeBaca is precluded from bringing this action against Montoya since the complaint shows that the latter is not entitled to the entire beneficial interest in the lease, and thus would have no reciprocal right to sue DeBaca.

The decision of the trial court is reversed, and the case is remanded for actions not inconsistent herewith.

IT IS SO ORDERED.

McMANUS, C. J., and PAYNE, J., concur.