AGNES WEHR *vs.* WILLIAM J. MCLAUGHLIN, JR., *Town Treasurer.*

JUNE 10, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

ANDREWS, J. This is an action of trespass on the case for negligence growing out of the plaintiff's fall on a sidewalk in the town of Westerly. It was tried before a justice of the superior court sitting with a jury and resulted in a

verdict of $2,200 which later, on the defendant's motion for a new trial, was reduced to $1,750. The plaintiff duly filed such remittitur. The defendant excepted to the refusal of the trial justice to grant him an unconditional new trial and that exception together with several others make up his bill of exceptions. The exceptions which have not been briefed or argued are deemed to be waived.

On September 3, 1953 about 8:30 p.m. plaintiff and her sister were walking along the sidewalk at Misquamicut Beach, so called, in the town of Westerly when plaintiff caught her foot in a hole some six inches wide, three inches deep and eighteen inches long on the outer edge of the sidewalk. She fell and fractured three metatarsal bones in her left foot. She was out of work eight weeks with a wage loss of $240. There were other money losses amounting to $333.39 making a total of $573.39.

The defendant's first exception is to the ruling of the trial justice allowing Dr. Freeman B. Agnelli, who had treated plaintiff, to testify as to the reasonable value of the services of Dr. Andrew H. Thomas, who had treated plaintiff but who did not testify. The plaintiff had previously testified as to the exact number of visits and the nature of the treatments given her by Dr. Thomas. At the hearing before us we were led to believe that there was no such prior testimony; in fact that the details were never furnished. On the situation as disclosed by the transcript, the ruling was correct. See McDonald v. Rhode Island Co., 26 R. I. 467. This exception is overruled.

Exception 4 is to the allowance of Dr. Thomas' bill of $91. In view of the previous ruling the admission of this bill was harmless and the exception is overruled.

Exception 5 is to the court's ruling allowing Merton B. Lewis, Jr., an engineer, who had made over one hundred surveys on Atlantic avenue where the accident happened, to state that the sidewalk was within the boundary of Atlantic avenue. It was admitted in the pre-trial order that

Atlantic avenue was a public highway and the question was whether the site of the accident was within that highway. The question to which defendant excepted was: "Can you describe the location of the sidewalk with respect to the boundary lines of the public highway?" The witness replied: "The sidewalk lies northerly of the southerly boundary of the highway and occupies it southerly six feet of the 50 feet which is dedicated as a highway on the plat."

Previous to this question the witness had been asked the following questions and he gave the answers thereto without objection on the part of defendant: "Q. You laid out that sidewalk? A. Yes. Q. And when you laid it out can you describe the location of that sidewalk with respect to the highway? A. The sidewalk lays adjacent northerly to the southerly boundary of the highway six feet wide. Q. Now, can you say that in language that will explain whether or not the sidewalk lies in the highway, within the confines of the highway? * * * A. In other words, the sidewalk occupies a strip six foot wide lying on the extreme southerly edge of the 50 foot which is dedicated as a highway on the plat."

The defendant argues that his objection should have been sustained, because the proper way to prove the location of the sidewalk was the public records of pertinent deeds and plans and that with such records in court the jury did not need expert testimony. We are of the opinion that the question was proper, but if it was not the answer was harmless because of the previous questions and answers to which there was no objection. *Baxter* v. *Lincoln Mills Co.*, 70 R. I. 16, 26; *D'Ambra* v. *Ohanian*, 77 R. I. 218, 221. Exception 5 is overruled.

Exception 6 is to the admission of a plan of the beach lots at the general location of the accident. While it is true that the witness Lewis did not draw the plan, it is clear that the introduction of this plan was in no way prejudicial to defendant because it does not show the sidewalk

or the scene of the accident but simply shows the general area, the better to enable the jury to understand the evidence, since it was agreed that a view after the severe hurricane which occurred a year after the accident would not be worth while. Exception 6 is overruled.

Exception 7 is to the following question put to Mr. Lewis: "And from your surveys that you have made on Atlantic Avenue, the property line of those lots would be where with respect to the highway? Now I am going to state it more specifically. The north side of the property line of private owners as compared with the south side of the highway." Assuming without deciding that the question was objectionable the answer was not prejudicial for the witness said: "I can personally recollect Atlantic Avenue about 1910." Exception 7 is overruled.

Exception 8 is to the following question also asked Mr. Lewis: "Q. All right. Where are the meer stones located with respect to the sidewalk? * * * A. The meer stones are placed on the southerly boundary of the highway." The following questions were asked and answers were given by this witness immediately after the challenged ruling without any objection on the part of defendant: "Q. On the southerly boundary of the highway. And with respect to the sidewalk? A. The sidewalk is put adjacent to the southerly boundary. Q. So it would be the southerly side of the walk is where the meer stones are situated? A. Except for construction qualities and discrepancies." If the ruling was technical error it was harmless because of the foregoing. *Baxter* v. *Lincoln Mills Co.* and *D'Ambra* v. *Ohanian*, *supra*.

As to the general argument of defendant on these last four exceptions that Mr. Lewis had less than two hours' notice that he was going to testify, the trial justice very properly remarked: "He had been preparing for it for a great many years." In this connection defendant argued that Mr. Lewis did not identify the scene of the accident.

His testimony as to the location and width of the sidewalk covered all the sidewalk. There is no substance to the argument that the spot where plaintiff fell was not within the highway. We find no merit in this exception and it is overruled.

Exception 10 is to the denial of defendant's motion for a directed verdict. Much of his argument was based upon his claim that the rulings which we have found to be harmless were improper and harmful. The only real question in this case was the location of the accident, that is, whether the sidewalk where plaintiff fell was within the boundaries of the highway. From what we have already said we are satisfied that there was ample evidence from which the jury could reasonably find that the place where plaintiff fell was within the boundaries of the highway called Atlantic avenue and that the town of Westerly was responsible for its condition. Exception 10 is overruled.

Exception 11 is to the failure of the trial justice to grant defendant an unconditional new trial. The first part of his argument is as to the location of the sidewalk and has already been considered. The defendant next argues that it was unlikely that plaintiff fell as she said she did. This argument was pressed strongly on the trial justice and he said that the jury could well believe her story and that he himself believed it. We see nothing inherently improbable in her story and that of her sister who was with her. The defendant also attacks the verdict as excessive. As reduced, we do not think it was excessive in view of the money loss and the pain and suffering involved in such an injury. The trial justice fully discharged his duty in considering the motion. The verdict was amply supported by credible evidence. Exception 11 is overruled.

Exception 12 is to the failure of the trial justice to grant defendant's motion for a new trial on newly discovered evidence. To support this motion he filed affidavits to show that one of the jurors had claimed that the town of Wes-

terly was responsible for an accident to one of his trucks on a town highway and that he was the son-in-law of a client of one of the plaintiff's attorneys. There is nothing in the record to show that the defendant made any inquiries on the *voir dire*. This situation could have been brought out by proper questions as to this juror's qualifications when he was called. In *Ryan* v. *Riverside & Oswego Mills*, 15 R. I. 436, Chief Justice Durfee stated: "* * * a party who goes to trial without such inquiry [as to juror's qualifications] thereby waives the objection, since he cannot be permitted first to run his chances with the jury, and then, if he loses his case, to take advantage of the objection." We are satisfied that the trial justice did not err in refusing to grant a new trial on this ground. This exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

*Harold B. Soloveitzik, George Ajootian,* for plaintiff.

*Oliver P. Crandall,* for defendant.

