**Wm. M. HOLDEN, Appellant,**

v.

**Billy D. PORTER, Appellee.**

No. 10134.

United States Court of Appeals
Tenth Circuit.

Jan. 14, 1969.

Joel A. Sterrett, Topeka, Kan. (Robert E. Russell and F. G. Manzanares, Topeka, Kan., were with him on the brief) for appellant.

Harold E. Doherty, Topeka, Kan. (James E. Benfer, Lawrence J. Nelson, Topeka, Kan., and Gene Sinor were with him on the brief) for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

PER CURIAM.

This is a personal injury case arising from an automobile accident involving appellant as the driver of the car and appellee as a passenger therein. The accident occurred in Luxemburg while both parties were members of the United States Air Force and resulted in severe injuries to appellee. The issues of appellant's negligence and the damages to appellee were tried to a jury in the District of Kansas and resulted in a verdict and judgment for $50,000 in favor of appellee.

By way of motion for new trial appellant pleaded that the jury was guilty of misconduct in arriving at its verdict. The trial court conducted a hearing on the motion and allowed four jurors to testify, in substance, that during their deliberation a juror had stated that all military personnel in foreign service carried liability insurance; that another juror stated that they were not interested in that; and each juror witness testified that the existence or non-existence of insurance had no influence upon his or her determination of a just verdict. The trial court denied the motion for new trial and this appeal followed.

■■ The motion was properly denied. The incident complained of constituted no misconduct in fact and was proved by totally incompetent evidence in law. The appellant made no claim that the jury had been subjected to an extraneous and improper influence and in such case the "rule is well established in this circuit that the evidence of jurors is not admissible to impeach their verdict." Lohr v. Tittle, 10 Cir., 275 F.2d 662, and cases cited. And since this case apparently presents a proceeding in direct defiance to the reasons for such rule we repeat the oft-quoted statement in McDonald v. Pless, 238 U.S. 264, 267–268, 35 S.Ct. 783, 784, 59 L.Ed. 1300:

> "But let it once be established that verdicts solemnly made and publicly returned into court can be attacked and set aside on the testimony of those who took part in their publication and all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation; to the destruction of all frankness and freedom of discussion and conference."

Affirmed.