MARGARET KANE *v.* Francis R. ERICH ET AL

5-5516                                        465 S. W. 2d 327

Opinion delivered April 12, 1971

*Hobbs & Longinotti*, for appellant.

*Wootton, Lamb & Matthews* and *Cockrill, Laser, McGehee & Boswell*, for appellees.

CONLEY BYRD, Justice. After a jury returned a verdict for appellant Margaret Kane against appellee Francis R. Erich in the amount of $4,500.00 and a verdict in favor of Spa Transit, the court dismissed

appellant's action against appellee Spa Transit Co., Inc. Appellant filed a motion for new trial. For reversal of the trial court's action overruling the motion for new trial, appellant relies upon the following points:

"1.  The court erred in refusing to grant the plaintiff a new trial because of the failure of two jurors to be truthful in answering questions on voir dire.

"2.  The court erred in refusing to allow plaintiff to put on oral testimony at the hearing on the motion for new trial, and further erred in refusing to recognize in substance the offer of proof as to what the two jurors would have testified to had plaintiff's counsel been allowed to subpoena them and interrogate them."

Appellees Francis R. Erich and Spa Transit Co., Inc., contend that the trial court did not err in overruling the motion for new trial because appellant as the complaining party failed to show diligence in ascertaining the disqualification, if any, of the jurors. We agree with appellees.

The record shows that one of appellant's attorneys made an affidavit, filed with the motion for new trial, that Evelyn Ford untruthfully stated that she was not acquainted with appellant, whereas in fact Mrs. Ford and her husband had had business transactions with appellant and her husband, that certain disagreements arose and appellant found it necessary to secure the sheriff's services to effect return of an abstract.

With respect to juror Dean Matthews, the affidavit attached to the motion stated that Matthews was asked whether he was acquainted with respective counsel or whether they represented him in any capacity and that Matthews did not indicate that he was personally acquainted with appellees' counsel. It was also asserted that Matthews was asked whether he was connected with any casualty insurance company, either as agent or salesman, and he did not indicate to counsel

or the court that he had any connection whatsoever with casualty insurance, when in fact he was manager of the insurance department of the Arkansas First National Bank. After appellees' response and affidavits of jurors Ford, Matthews and Cox were filed, appellant's counsel on August 24th, made the following affidavit:

> ". . .that at the trial of this cause the first 18 prospective jurors called were asked certain questions by the court and in addition thereto were interrogated as to whether or not they had any connections with any casualty insurance companies as an agent, salesman, stockholder, or any other capacity. One juror answered this question in the affirmative, and there was some discussion as to whether or not that fact would influence him in any way in arriving at a decision in the present case, and the juror was finally excused.

> "Mr. Dean Matthews was present in the courtroom at the time these questions were being asked on voir dire to the prospective jurors, and he was also present in the courtroom at the time that the court itself asked the prospective jurors as a group if they were personally acquainted with the attorneys or litigants. When Mr. Dean Matthews was finally called as a prospective juror and entered the jury box, the court asked Mr. Matthews if he had been present in the courtroom at all times that the prospective jurors that were waiting in the jury box were being questioned by the court and respective counsel, and Mr. Matthews indicated that he had been, and he was then asked by the court if he had heard the questions propounded by the court and counsel to the other prospective jurors and whether or not his answers to the questions would be any different than were the answers of the other prospective jurors. Mr. Matthews did not say "yes" or "no" or indicate either way by nodding his head, but maintained a strict silence.

"I do further state that neither myself nor my co-counsel was personally acquainted with Mr. Matthews, nor did any of the said parties have any knowledge of the fact that he was Manager of the Insurance Department of Arkansas National Company."

Juror Ford's affidavit denies that she was acquainted with appellant. It also denies the business disagreements asserted in appellant's affidavit. The affidavit of juror Matthews denies that he is employed by the Arkansas First National Bank but admits he is manager of the Insurance Department of the Arkansas National Company. This affidavit denies that Matthews was questioned as to whether he was acquainted with the attorneys and also denies that he was interrogated about any connection with casualty insurance companies. The affidavit of Freda Cox also denies that the last selected jurors were asked about their connection with any casualty insurance companies.

Ark. Stat. Ann. § 39-106 (Supp. 1969), provides:

"No verdict or indictment shall be void or voidable because any juror shall fail to possess any of the qualifications required in this Act [§§ 39-101—39-108, 39-201—39-220] unless a juror shall knowingly answer falsely any question on voir dire relating to his qualifications propounded by the court or counsel in any cause. A juror who shall knowingly fail to respond audibly or otherwise as is required by the circumstances to make his position known to the court or counsel in response to any question propounded by the court or counsel, the answer to which would reveal a disqualification on the part of such juror, shall be deemed to have answered falsely."

In *Arkansas State Highway Commission* v. *Kennedy,* 233 Ark. 844, 349 S. W. 2d 133 (1961), we pointed out that under our statutes, as well as the practice in this state, it is too late after rendition of a verdict to raise the ineligibility of a juror to serve, unless it can

be shown by the complaining party that diligence was used to ascertain the juror's disqualification and to prevent his selection. We find this principle of law to be controlling as to juror Ford. Obviously appellant knew as much about her difficulties with juror Ford as juror Ford would have known and under the circumstances appellant owed an obligation to the trial court, the witnesses and the other jurors to call the matter to the court's attention at the earliest possible moment.

The issue with respect to juror Matthews is somewhat closer. However, as we read the August 24th affidavit of appellant's counsel, juror Matthews was asked if he had heard the questions propounded by the court and counsel to the other prospective jurors and whether or not his answers to the questions would be any different than those of the other prospective jurors. Since some of the prospective jurors had remained silent and others had answered and appellant's counsel observed that Matthews neither answered nor responded in any way to make his position known, we hold that appellant has failed to show due diligence with respect to juror Matthews also. Had the question asked, been one in which the silence amounted to an answer, then Ark. Stat. Ann. § 39-106, *supra*, would apply. However, as we read appellant's affidavits, juror Matthew's silence could not have been taken as an answer to the question as propounded.

Appellant also contends that the trial court erred in not hearing testimony on her motion. We find no merit in this contention because the trial court has no obligation to make a determination of whether or not a juror knowingly failed to respond audibly or otherwise as is required under the circumstances until such time as the movant has made a prima facie showing of diligence.

Affirmed.