566 P.2d 843

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Frederico MARTINEZ,
Defendant-Appellant.**

**No. 2894.**

Court of Appeals of New Mexico.

June 21, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, App. Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., John J. Duran, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

WOOD, Chief Judge.

Defendant's conviction and his enhanced sentence as an habitual offender were affirmed by this Court in memorandum opinions. *State v. Martinez*, (Ct.App.) No. 2720, decided December 14, 1976 and (Ct.App.) No. 2794, decided January 4, 1977. This appeal involves the denial of his motion for a new trial. We discuss: (1) time for filing the motion, (2) request for polygraph examination, (3) juror as a witness, and (4) sealing defendant's affidavit.

*Time for Filing the Motion*

■ The verdict of guilty was filed August 26, 1976. Judgment and sentence were filed September 27, 1976. The motion for a new trial was filed November 24, 1976; a second, but identical motion for a new trial was filed February 3, 1977.

Rule of Criminal Procedure 45(c) reads:

"(c) *Time for Making Motion for New Trial.* A motion for new trial based on the ground of newly discovered evidence may be made only before final judgment, or within two years thereafter, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for new trial based on any other grounds shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period."

The motion for new trial was not filed within ten days of the verdict. The briefs discuss whether the motion was timely because based on the ground of newly discovered evidence.

The motion for a new trial asserted that a juror gave false answers on voir dire regarding her acquaintance with defendant. Such bore on the qualifications of the person to serve as a juror and involves the question of whether defendant was tried by an impartial jury. Such an issue may be raised upon discovering the fact of disqualification after trial. *Mares v. State*, 83 N.M. 225, 490 P.2d 667 (1971); see *State v. Maes*, 81 N.M. 550, 469 P.2d 529 (Ct.App. 1970). Accordingly, we are not concerned with fitting the motion in this case within the time requirements of Rule of Criminal Procedure 45(c).

We note that the motion was not filed until almost three months after the verdict. Defendant did not inform the trial court of when he became aware of the information on which he relies; the only statement is that his awareness came "after the trial was over." The promptness of defendant's action after becoming aware of the information may bear on defendant's credibility at the rehearing to be held in this matter.

*Request for Polygraph Examination*

Defendant, an indigent, moved that the expenditure of public funds be authorized for a polygraph examination. Defendant was the subject to be examined. The trial court denied the motion.

Defendant sought the examination to support the credibility of defendant's affidavit. To avoid this public expenditure, the State offered to stipulate that defendant "might be" telling the truth in his affidavit.

It is unnecessary to decide whether the trial court erred in denying the motion for funds which is involved in this appeal inasmuch as a rehearing is to be held in connection with the motion for a new trial. Should the matter arise in connection with the rehearing, we point out that defendant must show the necessity for such an examination. See *State v. Turner,* 90 N.M. 79, 559 P.2d 1206 (Ct.App. 1976) and *State v. Carrillo,* 88 N.M. 236, 539 P.2d 626 (Ct.App. 1975), on the question of necessity.

*Juror as a Witness*

At the hearing on the motion for expenditure of public funds, the trial court considered the merits of the motion for a new trial, although notice had not been given that the merits would be considered.

The defendant objected, contending that he was not prepared to proceed on the merits because he desired to present the testimony of the juror concerning the juror's acquaintanceship with the defendant. The trial court ruled that it would not permit such testimony; that such testimony was excluded under Evidence Rule 606(b). It then denied the motion for a new trial on the merits. This was error.

■ Evidence Rule 606(b) bears the heading "Inquiry Into Validity of Verdict or Indictment." It deals with the general subject of when a juror may impeach a verdict. See *Biebelle v. Norero,* 85 N.M. 182, 510 P.2d 506 (1973). The issue here does not involve impeaching the verdict, but with the qualifications of one of the jury members to serve as a juror. To question a juror concerning the truthfulness of her answers given on voir dire is a subject separate from the question of impeaching the jury verdict. *Clark v. United States,* 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1932); 3 Weinstein's Evidence, ¶ 606[04] (1976). See *People v. Castaldia,* 51 Cal.2d 569, 335 P.2d 104 (1959).

■ In light of the showing made in defendant's affidavit, the trial court erred in ruling that it would not permit defendant to question the juror concerning the truthfulness of her answers on voir dire. Because defendant has not been permitted to present this testimony, the order denying the motion for a new trial must be reversed.

*Sealing of Defendant's Affidavit*

Defendant's affidavit, supporting his motion for a new trial, details an alleged relationship between defendant and the juror. Considering that the details alleged were scandalous, the trial court ordered that the affidavit be sealed. Defendant asserts this was error. We do not decide the question; compare Civil Procedure Rule 12(f). Because there is to be a rehearing, any error in sealing the affidavit was harmless.

■ We recognize that, at rehearing, the issue may again be presented. The record of the voir dire shows that the juror failed to respond when asked if she knew the defendant. The issue at the rehearing will involve the truthfulness of that response. This inquiry will also involve the truthfulness of the allegations made against the juror in defendant's affidavit. Since defendant's allegations are in fact scandalous, we suggest that defendant not be permitted to rely on his affidavit, but be called to testify in person. This suggestion is made to insure cross-examination, under oath, so that the trial court may be in a better position to determine the truth of the matter, and decide whether there should be a new trial. See *United States v. Robbins,* 500 F.2d 650 (5th Cir. 1974); *Brown v. United States,* 356 F.2d 230 (10th Cir. 1966). Whether the sealing of the affidavit should be continued will depend on the procedure at the rehearing.

**598**

The order denying the motion for a new trial is reversed; the cause is remanded for an evidentiary hearing on the motion for a new trial.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.