607 P.2d 1164

Lacee LAMPHERE, a minor, by Muriel McNatt, his next friend, and Monteine Baird, Plaintiffs-Appellants,

v.

Ethlyn W. AGNEW, Personal Representative of the Estate of Philip A. Guy, Deceased, Defendant-Appellee.

No. 3879.

Court of Appeals of New Mexico.

Nov. 29, 1979.

Writ of Certiorari Denied Dec. 28, 1979.

Anthony F. Avallone, Las Cruces, for plaintiffs-appellants.

Sandra A. Grisham, John E. Conway, Durrett, Conway & Jordon, P. C., Alamogordo, for defendant-appellee.

## OPINION

HENDLEY, Judge.

Plaintiffs appeal from a judgment awarding the mother $2,500 and the minor $500. Plaintiffs' grounds for reversal are: first, one juror concealed her acquaintance and family business relationship with defendant's attorney; second, inadequacy of the jury verdict; and third, that the trial court improperly excluded testimony of plaintiffs' expert. We affirm.

*Concealment by Juror*

Plaintiffs' point revolves around juror Jaclyn Lou Dugan's alleged failure to fully disclose relevant facts in response to the following questions from the court: "Are any of you represented by Mr. Conway's (defense counsel) firm . . . ? Have you ever been sued or sued somebody? Now, do any of you know of facts which would hinder you in returning a true verdict . . . ?"

The following facts were disclosed at the hearing on the motion for a new trial: Mrs. Dugan is the wife of Charles Dugan III, secretary-treasurer and managing shareholder in Otero Mills, Inc. Mr. Conway is the lawyer for Otero Mills, Inc. Mrs. Dugan has been socially acquainted with Mr. Conway for several years.

In *Mares v. State,* 83 N.M. 225, 490 P.2d 667 (1971), the Supreme Court announced the appropriate standard and sanction for analysis of this type of question:

Full knowledge of all relevant and material matters that might bear on possible

disqualification of a juror is essential to a fair and intelligent exercise of the right of counsel *to challenge either for cause* or *peremptorily.* It is the duty of a juror to make full and truthful answers to such questions as are asked, *neither falsely stating any fact nor concealing any material matter.* If a juror falsely represents his interest or situation or conceals a material fact relevant to the controversy and such matters, if truthfully answered, might establish prejudice or work a disqualification of the juror, the party misled or deceived thereby, *upon discovering the fact of the juror's incompetency or disqualification after trial,* may assert that fact as ground for and obtain a new trial, upon a proper showing of such facts, even though the bias or prejudice is not shown to have caused an unjust verdict, it being sufficient that a party, *through no fault of his own,* has been deprived of his constitutional guarantee of a trial of his case before a fair and impartial jury. (Emphasis in original.)

■ Since the voir dire examination only asked whether the jurors had personally been represented or sued, we find Mrs. Dugan was under no obligation to discuss Mr. Conway's connection to a corporation in which her husband was a shareholder. No New Mexico cases have directly dealt with this issue. All prior New Mexico cases have arisen from the juror failing to respond to the question where an affirmative response was clearly warranted. Other jurisdictions do not require disclosure by a juror where the question does not directly reach the facts sought to be disclosed. See *Bailey v. Rains,* 485 S.W.2d 837 (Tex.Civ.App.1972).

■ The general rule is that where one seeks a new trial, after rendition of the verdict based on partiality of a juror, the complaining party must show that it exercised due diligence to ascertain whether a juror should have been disqualified during voir dire. *Kane v. Erich,* 250 Ark. 448, 465 S.W.2d 327 (1971). Lack of due diligence is shown by failure to inquire into the relevant relationship and the juror is under no obligation to disclose all connections with

any interested persons unless asked to do so. *Kane, supra.*

■ Where a party cannot show actual prejudice he cannot attempt to challenge a juror's status after being dissatisfied with the judgment, if that challenge could have been discovered during voir dire. *Wehr v. McLaughlin,* 87 R.I. 418, 142 A.2d 722 (1958). The questions simply did not call for a response disclosing the representation of the corporation.

*Inadequacy of Verdict for the Minor*

■ Where a party attempts to challenge the inadequacy of a verdict, a two step analysis is appropriate: first, the normal evidentiary standard; and second, the basis of the inadequate judgment was mistake, passion or prejudice. *Hammond v. Blackwell,* 77 N.M. 209, 421 P.2d 124 (1966); *Powers v. Campbell,* 79 N.M. 302, 442 P.2d 792 (1968). Where inadequacy of damages is claimed the evidence shall be viewed in the light most favorable to the defendant. *James v. Hood,* 19 N.M. 234, 142 P. 162 (1914). The additional requirement was stated by the New Mexico Supreme Court in *Powers, supra,* quoting *Hammond, supra:*

An [alleged] inadequate award will not be disturbed on appeal unless it appears to have resulted from passion, prejudice, partiality, undue influence or some corrupt cause or motive, where there has been palpable error or the measure of damage has been mistaken.

In the present case the jury awarded $2,500 to the mother for medicals and $500 to the minor as compensatory damages for his injury. There was evidence by Dr. LaBarre that the injury in no way affected the minor's future earning capacity.

■ Dr. Luckett testified that there would be no future medicals and that the minor could do anything after the accident that he could do prior to the accident. There is substantial evidence on the record to support the jury's finding that $500 adequately compensated the minor. *Hammond v. Blackwell, supra.* Therefore, there is no need to reach the second prong of the test.

*Expert Witness*

■ The court below properly excluded the testimony of plaintiffs' expert witness for failure to lay a proper foundation. The sole medical foundation laid by plaintiffs was that the expert had heard the medical testimony given by the doctors as to the specific physical disabilities. There was no medical testimony as to the percentage of disability, either medical or employment-wise. The court then asked the economist if she was capable of translating various specific injuries into a quantifiable future loss. It was plaintiffs' failure to adequately provide this type of foundation that led the court to properly strike the economist's testimony. *Matter of Estate of Farrington,* 91 N.M. 143, 571 P.2d 410 (1977).

We affirm.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.