792 P.2d 419

**Pedro RIOS, Plaintiff–Appellee,**

v.

**DANUSER MACHINE CO., INC., Defendant–Appellant.**

**No. 11640.**

Court of Appeals of New Mexico.

March 13, 1990.

Certiorari Quashed May 15, 1990.

Victor F. Poulos, Mayfield & Perrenot, Mark D. Pierce, El Paso, Tex., for plaintiff-appellee.

William A. Walker, Jr., Frank N. Chavez, Campbell, Reeves, Chavez & Acosta, P.A., Las Cruces, for defendant-appellant.

## OPINION

DONNELLY, Judge.

Defendant, Danuser Machine Co., Inc. (Danuser), appeals from an order setting aside a jury verdict in favor of defendant and granting plaintiff's motion pursuant to SCRA 1986, 1–060(B)(6). The central issue presented in this interlocutory appeal is whether the trial court erred in granting plaintiff's Rule 1–060(B)(6) motion authorizing a new trial. We reverse and remand.

Plaintiff was injured when he caught his glove in the auger of a post hole digger on a tractor owned by Uvas Farms. Plaintiff filed suit against Danuser and four other defendants. Danuser was the only remaining defendant at the time of trial. Following a jury trial, the jury returned a special verdict for Danuser on May 10, 1989. The jury found Danuser was negligent, that the auger was not defective, and that neither Danuser nor the auger was the proximate cause of plaintiff's injuries. Judgment was entered on May 23, 1989.

Shortly after the trial, the jury foreperson, Mary Schultz, contacted the trial judge and reported that certain statements allegedly made by juror Jean Young indicated that she was biased or prejudiced against plaintiff. Schultz further informed the judge of other alleged juror conduct and statements which occurred during the trial. The judge instructed Schultz to place her remarks in a letter and send copies to counsel for each of the parties.

Stating that the motion was made pursuant to SCRA 1986, 1–059 and –060, on May 23, 1989, plaintiff filed a motion for new trial together with Schultz's letter and her signed affidavit. Plaintiff alleged juror bias and prejudice and juror incompetency based on Schultz's letter and affidavit. The letter and affidavit recited, among other things, that Jean Young had made statements demonstrating bias toward plaintiff because he could not speak English and was Hispanic; that another juror had represented himself to the other jurors as an expert concerning machinery; and that a third juror was incompetent because she did not appear to understand the evidence or the jury instructions. Plaintiff's motion also alleged that the verdict should be set aside because Danuser's counsel had introduced evidence of negligence concerning a former defendant who had been dismissed from the case, and that defense counsel had made improper remarks to the jury.

On June 19, 1989, the trial court heard plaintiff's motion for new trial; however, after listening to argument and considering Schultz's affidavit, the court directed that the hearing on the motion be continued until July 3, 1989, in order to hear Young's response to Schultz's allegations. The court also ordered that counsel refrain from talking to any of the jurors. Contrary to the court's instruction, Danuser's counsel obtained affidavits from seven of the jurors and subpoenaed four other jurors to appear and testify at the continuation of the hearing on the motion for new trial.

At the July 3, 1989 hearing, Danuser's counsel presented the affidavits obtained by them and invoked the rule excluding witnesses from the courtroom. While the witnesses were waiting to testify, one of the jurors whom Danuser had subpoenaed showed Young a copy of Schultz's affidavit and letter. Prior to the hearing, Young had been unaware of the allegations against her. Young was called as a witness and denied that she had failed to truthfully respond to questions on voir dire or that she was biased or prejudiced against plaintiff. She further testified that she had five grandchildren with Hispanic blood. Following Young's testimony, the trial court refused to permit other jurors to testify at the hearing. At the conclusion of the hearing the court denied plaintiff's motion for a new trial.

On July 11, 1989, plaintiff filed a second Rule 1–060(B) motion, seeking to vacate the judgment. This motion was premised on four separate allegations: (1) alleged misconduct of defendant's counsel; (2) alleged ex parte communications by a juror with the trial court; (3) trial court error in denying plaintiff's initial motion for new trial without permitting him to present impeachment or rebuttal evidence to Young's testimony; and (4) allegations that certain jurors had failed to truthfully disclose bias or prejudice during jury selection.

Following a hearing on plaintiff's second motion, the court granted plaintiff's request for a new trial and entered an order on July 20, 1989, setting aside the verdict and judgment.

## PROPRIETY OF ORDER GRANTING NEW TRIAL

Danuser contends that the trial court erred in granting plaintiff's second Rule 1–060(B) motion because there was no competent evidence to support plaintiff's allegations of bias or prejudice or that Young had responded untruthfully to questions on voir dire. Danuser argues that SCRA 1986, 11–606 specifically precludes impeachment of a verdict by the testimony or affidavit of a juror concerning statements made by a juror during jury deliberations.

The rule against admission of juror testimony to impeach a verdict is rooted in common law. *Tanner v. United States,* 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). An exception to the rule exists where an "extraneous influence" has been shown to have affected the jury. *Id.* at 117, 107 S.Ct. at 2746. *See also Duran v. Lovato,* 99 N.M. 242, 656 P.2d 905 (Ct.App. 1982). Our Rule 11–606(B) is identical to Rule 606(b) adopted by Congress. *Tanner* notes that Congress intended to preclude juror testimony concerning matters or statements of jurors during jury deliberations. *Id. See also* III *ABA Standards for Criminal Justice* 15–4.7 (1980); Comment, *Impeachment of Jury Verdicts,* 25 U.Chi.L.Rev. 360 (1958).

Rule 11–606(B) specifies in part:

Upon an inquiry into the validity of a verdict * * * *a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict* * * * or concerning his mental processes in connection therewith, except that a juror may testify [concerning extraneous prejudicial information or improper outside influence]. *Nor may [a juror's] affidavit or evidence of any statement by him concerning [matters] about what he would be precluded from testifying be received for these purposes.* [Emphasis added.]

Under federal rule 606(b), juror testimony is not admissible to impeach a verdict on the basis of alleged statements of jurors occurring within the jury room. *See Shillcutt v. Gagnon,* 827 F.2d 1155 (7th Cir. 1987); *Martinez v. Food City, Inc.,* 658 F.2d 369 (5th Cir.1981); *see also Holden v. Porter,* 405 F.2d 878 (10th Cir.1969); *State v. Shillcutt,* 119 Wis.2d 788, 350 N.W.2d 686 (1984). Similarly, under the rule a court may not consider a juror's affidavit concerning a juror's statements made during the course of jury deliberations. *United States v. Voigt,* 877 F.2d 1465 (10th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989); *see* 3 J. Wein-

stein & M. Berger, *Weinstein's Evidence* ¶ 606[03] (1988).

█ Although Rule 11–606 precludes impeachment of verdicts by inquiry into the mental processes of jurors or as to statements made by jurors during deliberations, the rule does not prevent the questioning of a juror or the consideration of an affidavit concerning the truthfulness of a juror's answers to questions propounded on voir dire. *See Skeet v. Wilson,* 76 N.M. 697, 417 P.2d 889 (1966); *State v. Martinez,* 90 N.M. 595, 566 P.2d 843 (Ct.App.1977). Inquiry into the truthfulness of a juror's response to questioning on voir dire is not precluded by Rule 11–606, although the truthfulness cannot be proved by the use of evidence barred by Rule 11–606. *See State v. Martinez.*

█ A trial court may, in its discretion, set aside a jury verdict where there is evidence that a juror failed to truthfully respond to sufficient and well-directed questioning on voir dire concerning bias or prejudice of the juror and that prejudice resulted. *State v. Pierce,* 109 N.M. 596, 788 P.2d 352 (1990); *State v. Martinez; Lamphere v. Agnew,* 94 N.M. 146, 607 P.2d 1164 (Ct.App.1979); *see also Pekelder v. Edgewater Automotive Co.,* 68 Ill.2d 136, 11 Ill.Dec. 292, 368 N.E.2d 900 (1977); *see generally* Annotation, *Admissibility, in Civil Case, of Juror's Affidavit or Testimony to Show Bias, Prejudice, or Disqualification of a Juror Not Disclosed on Voir Dire Examination,* 48 A.L.R.2d 971 (1956).

Danuser points out that the trial court denied plaintiff's first Rule 1–060(B) motion. It asserts that no competent evidence was presented to substantiate the contention that Young failed to truthfully respond during voir dire and that other jurors acted improperly, because the allegations contained in Schultz's letter and affidavit were objected to as hearsay and as violating Rule 11–606.

█ Where an opposing party does not deny or controvert facts stated in a movant's affidavit, the facts may be deemed to be admitted for the purpose of the court's ruling upon such matter. *See Carvey v. Indiana Nat'l Bank,* 176 Ind.App. 152, 153 n. 1, 374 N.E.2d 1173, 1174 n. 1 (1978). However, affidavits of jurors obtained after the jury has been discharged are generally inadmissible to support a motion for new trial. *See Skeet v. Wilson.* Moreover, in the present case, defendant challenged Schultz's affidavit and letter on the grounds of hearsay and as inadmissible under Rule 11–606. Plaintiff failed to present admissible evidence in support of his motions under Rule 1–060(B), or to come forward with an offer of proof indicating the existence of proper evidence corroborative of his allegations. *See* SCRA 1986, 11–103; *Williams v. Yellow Checker Cab Co.,* 77 N.M. 747, 427 P.2d 261 (1967). A court may not vacate a judgment without a proper showing of material grounds to support the claims on which the application for relief depends. *Phelps Dodge Corp. v. Guerra,* 92 N.M. 47, 582 P.2d 819 (1978). Because the affidavit was precluded by Rule 11–606, plaintiff failed to present any admissible evidence of facts supportive of the order granting a new trial.

Plaintiff argues alternatively that the trial court's order granting a new trial should be upheld based upon the misconduct of Danuser's counsel. At the conclusion of the hearing on plaintiff's second Rule 1–060(B) motion, the court stated:

As I indicated before those jurors should not have been contacted by [Danuser's attorneys]. That was * * * not to be done. I think that having occurred did not permit a fair hearing on the motion for new trial to permit inquiry into what Mrs. Young did say. The jurors were asked whether they had any prejudices which they believed would affect their ability to serve impartially during voir dire—I don't believe that we can undo at this time everything that has happened to really get the jurors in here to testify on that issue. Pursuant to Rule 1–060(B)(3) and (6), I'm going to set aside the judgment previously mentioned and grant a new trial.

Thereafter, the trial court granted plaintiff's motion for a new trial and entered an order on July 20, 1989, reciting in part:

The Court, being advised of the basis for said motion, the pleadings on file herein, and after argument of counsel, FINDS that the Motion is well taken and should be granted.

It is * * * ORDERED, ADJUDGED, and DECREED that, *pursuant to Rule 1–060(B)(6) of the Rules of Civil Procedure* * * * Plaintiff's Motion is granted, the judgment heretofore entered in this cause on May 23, 1989, is accordingly set aside, and a new trial shall be held on all issues in said cause. [Emphasis added.]

Contrary to the court's oral statement granting a new trial on the basis of Rule 1–060(B)(3) and (6), the trial court's written order expressly limited plaintiff's grant of relief to that provided under Rule 1–060(B)(6). Rule 1–060(B), which is identical to its federal counterpart, provides in part:

B. * * * On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1–059;

(3) fraud * * * misrepresentation or *other misconduct of an adverse party;*

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged * * *; or

(6) *any other reason justifying relief from the operation of the judgment* * * *. [Emphasis added.]

■ On appeal, the standard of review for determining whether a trial court has erred in granting relief to a party under Rule 1–060(B) is whether the court has abused its discretion. *Phelps Dodge Corp. v. Guerra; James v. Brumlop,* 94 N.M. 291, 609 P.2d 1247 (Ct.App.1980). *See also Browder v. Department of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Click v. Litho Supply Co.,* 95 N.M. 419, 622 P.2d 1039 (1981).

■ Motions for a new trial are generally committed to the discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). Errors or defects in court proceedings are not grounds for setting aside a verdict unless refusal to take such action appears to the court to be inconsistent with substantial justice. SCRA 1986, 1–061.

■ Rule 1–060(B)(3), not 1–060(B)(6), specifically governs motions to vacate a judgment based upon the misconduct of an adverse party. *See, e.g., Anderson v. Cryovac, Inc.,* 862 F.2d 910 (1st Cir.1988); *Parks v. Parks,* 91 N.M. 369, 574 P.2d 588 (1978). Rule 1–060(B)(6) has been recognized as constituting a residual clause permitting the granting of relief from a final judgment for "any other reason justifying relief from the operation of the judgment." *Foundation Reserve Ins. Co. v. Martin,* 79 N.M. 737, 449 P.2d 339 (Ct.App.1968). However, the authority contained in Rule 1–060(B)(6) does not vest the trial court with discretion to set aside a judgment for any of the reasons specified in the preceding sections. Instead, clause (6) and the rule's preceding five clauses have been held to be mutually exclusive. *See Wehrle v. Robison,* 92 N.M. 485, 590 P.2d 633 (1979) (clause (6) to be used for reasons other than those set out in (1) through (5)); *Parks v. Parks; Foundation Reserve Ins. Co. v. Martin; see also Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949) ("other reason" language means for reasons except the five particularly specified in the rule).

■ In order to warrant relief under Rule 1–060(B)(6), the movant must meet a three-pronged test: (1) the reason for setting aside a judgment or order must not be one of the reasons set forth in the five preceding clauses; (2) the "other reason" relied upon by the court must be one which justifies the granting of the relief sought; and (3) the motion must have been made within a reasonable time. *See Hayashi v. Hayashi,* 4 Haw.App. 286, 666 P.2d 171 (1983); *see also* 7 J. Moore, *Moore's Federal Practice* ¶ 60.27[1] (2d ed.1987). Thus, a

new trial may not properly be granted under Rule 1–060(B)(6), for misconduct of counsel, because Rule 1–060(B)(3) expressly applies.

 Moreover, it would have been an abuse of discretion to grant relief under Rule 1–060(B)(3). In order to constitute a valid basis for granting relief under Rule 1–060(B)(3), the court must determine that the misconduct of the other party or his counsel substantially impeded the moving party's full and fair preparation or presentation of its case. *See Anderson v. Cryovac, Inc.; Rozier v. Ford Motor Co.,* 573 F.2d 1332 (5th Cir.1978); *see also Stridiron v. Stridiron,* 698 F.2d 204 (3d Cir. 1983). Subsection (3) of the rule is aimed at judgments which were unfairly obtained. *Rozier v. Ford Motor Co.* We hold that misconduct at any stage of a case, including post-trial motions, falls within the scope of Rule 1–060(B)(3). Plaintiff, however, did not establish that opposing counsel's misconduct substantially impaired the full and fair preparation of his case. While it is true that opposing counsel's noncompliance with the court's order indirectly resulted in Young learning of the nature of plaintiff's allegations prior to being questioned, this did not preclude plaintiff from conducting extensive questioning of the juror or undertaking proper impeachment.

Plaintiff contends, however, that the trial court's order granting a new trial was not solely grounded on the misconduct of Danuser's counsel, that the court properly could have granted the motion for new trial based upon its determination that Young responded untruthfully to questions propounded to her on voir dire, or that the court may have relied upon other alternative grounds set forth in his motion. In response, Danuser points out that each of the other grounds contained in the second motion for new trial were duplicative of grounds contained in plaintiff's first motion, that the order denying the first motion was res judicata as to the same issues reasserted in the second motion, and that there is no indication that the court intended to reverse its prior ruling denying plaintiff's claim of alleged bias, juror misconduct or incompetency. Moreover, Danuser argues the court's oral statements explaining its ruling on the second motion referred only to allegations concerning misconduct of its counsel.

 Although repetitious motions for relief from judgment pursuant to Rule 1–060(B) are not favored, *Fulton v. Van Slyke,* 447 N.E.2d 628 (Ind.App.1983), denial of plaintiff's first motion for new trial would not preclude a subsequent motion by plaintiff for new trial under Rule 1–060(B) based on different grounds if there was a justifiable reason for not raising those grounds in the first motion. *See id.* (repeated motions for new trial brought under Rule 1–060(B) are not favored; subsequent motions under such rule may be considered if they are supported by proper reasons not alleged in the first motion and if there exist equitable reasons for not having raised those reasons in the first motion); *see also Calhoun v. Greening,* 636 P.2d 69 (Alaska 1981) (res judicata held to constitute a bar where subsequent motion is based on relevant claims that could have been raised in prior motion); *Cliche v. Cliche,* 143 Vt. 301, 466 A.2d 314 (1983) (doctrine of res judicata does not preclude party from seeking to overturn judgment pursuant to Rule 60(b) based on different claims).

In granting plaintiff's second motion, the trial court's written order did not specify which of the four grounds the court found to be meritorious. However, the trial court's oral statements indicated it was granting such relief because of defense counsel's conduct in disregarding the court's order and contacting and subpoenaing jurors. Under these circumstances, the trial court abused its discretion in granting plaintiff's motion for new trial under Rule 1–060(B)(6). The only evidence presented in support of plaintiff's second Rule 1–060(B) motion concerned plaintiff's claim that Danuser's counsel violated the trial court's post-trial order prohibiting further contact or communication with the jurors. We have already held, however, that the violation of the order was not a valid basis for vacating the judgment.

In considering the matters asserted on appeal, nothing herein should be construed as condoning the disregard of the trial court's order prohibiting counsel from contacting jurors. Plaintiff's second motion for new trial alternatively sought the imposition of sanctions, including an order denying defendant any award of costs. On remand, the trial court may consider whether plaintiff's alternative request for relief is proper.

The order setting aside the judgment and awarding a new trial is reversed.

IT IS SO ORDERED.

BIVINS, C.J., and HARTZ, J., concur.