This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**U.S. BANK NATIONAL ASSOCIATION, as Trustee for TBW MORTGAGE-BACKED PASS THROUGH CERTIFICATES SERIES 2007-2, SHARON HANKLA, D. RENAE RICHARDS CHARNEY, KEYA KOUL, LENATRIA HOLLY JURIST, KELLY L. GROSSO, KENDRICK W. DANE, KEVIN W. PYLE, CASTLE, MEINHOLD & STAWIARSKI, LLC, A/K/A CASTLE, STAWIARSKI, LLC, et al.**

     Plaintiffs-Appellees,

v.                                                              NO. 33,030

**MARGARET H. MARTINEZ, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (Solely as Nominee for Lender and Lender's Successors and Assigns); OCCUPANTS, WHOSE TRUE NAMES ARE UNKNOWN, IF ANY; THE UNKNOWN SPOUSE OF MARGARET H. MARTINEZ, if any,**

     Defendants-Appellants,

**MARGARET M. H. MARTINEZ,**

     Third-Party Plaintiff/Secured Party Creditor/
      Real Party Creditor/Real Party in Interest/
      Intervenor.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

The Castle Law Group LLC
Andrew P. Yarrington
Albuquerque, NM

for Appellees

Margaret H. Martinez
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant, pro se, appeals from the district court order denying her motion for relief from judgment for lack of standing. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a response to our notice, objecting to summary affirmance. We have considered Defendant's response, and remain unpersuaded that Defendant has demonstrated error. We affirm.

In district court, Defendant filed successive motions seeking relief from foreclosure, which we proposed to construe as successive Rule 1-060(B) NMRA motions, for the reasons stated in our notice. *See Century Bank v. Hymans*, 1995-NMCA-095, ¶ 10, 120 N.M. 684, 905 P.2d 722 (stating that when determining

the provision that authorizes a motion, "the substance of the motion, not its title, controls"). In addition, we viewed at least two of Defendant's Rule 1-060(B) motions as repetitive, seeking various relief from foreclosure based on the same arguments. The district court denied all of Defendant's motions. In its denial of Defendant's latest motion, the district court stated that the motion for relief from judgment for lack of standing was a repeat of previous motions already denied, and accordingly denied that motion as well. [RP 380] This is the only order from which Defendant has appealed, and it is the subject of the current appeal. Because the order of foreclosure and each previous order denying Defendants' Rule 1-060(B) motions were separately appealable, and not appealed, the scope of our review is limited to this ruling from the district court. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (holding that a foreclosure decree is final for purposes of appealing from the declaration of the parties' rights to the property); *Wooley v. Wicker*, 1965-NMSC-065, ¶ 5, 75 N.M. 241, 403 P.2d 685 (holding that an order denying relief from a final judgment under Rule 1-060(B) is a final, appealable order); *and see, e.g.*, *James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule 60(b) motion cannot review the propriety of the judgment sought to

be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion.").

Based on our disfavor of multiple Rule 1-060(B) motions, *see Rios v. Danuser Mach. Co.*, 1990-NMCA-031, ¶ 25, 110 N.M. 87, 792 P.2d 419 (stating that a subsequent Rule 1-060(B) motion for relief based on different grounds than the first motion may be considered "if there was a justifiable reason for not raising those grounds in the first motion"), and because a party who does not appeal from a final adverse judgment is "stuck with it," we proposed to affirm the district court's order. *In re Estate of Duran*, 2007-NMCA-068, ¶ 15, 141 N.M. 793, 161 P.3d 290 (internal quotation marks and citation omitted) (listing cases dealing with the effect of a judgment on a litigant who does not appeal); *and see Cordova v. Larsen*, 2004-NMCA-087, ¶ 10, 136 N.M. 87, 94 P.3d 830 (stating that "law of the case doctrine relates to litigation of the same issue recurring within the same suit" and indicates that "a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation" (internal quotation marks and citation omitted)).

Lastly, we pointed out to Defendant that "[i]t is well established that a motion for relief from a judgment or order under Rule 60(b) is not intended to extend the time for taking an appeal and cannot be used as a substitute for an appeal." *Gedeon v.*

4

*Gedeon*, 1981-NMSC-065, ¶ 17, 96 N.M. 315, 630 P.2d 267. We noted that Defendant should have appealed from the district court's order of foreclosure if she wanted an appellate decision on her argument that Plaintiff was not a holder in due course and could not enforce the note.

In response to our notice, Defendant asserts that standing is a jurisdictional issue that may be raised at any time during the proceedings. [MIO 1] We agree, generally, with this proposition. It is proper, however, based on the doctrine of law of the case, for a court to decline to rule on a standing-related issue that was repeatedly raised by Rule 1-060(B) motion, repeatedly denied, and not previously appealed. *See Cordova*, 2004-NMCA-087, ¶ 10; *Wooley*, 1965-NMSC-065, ¶ 5.

For the reasons stated in this opinion and in our notice, we affirm the district court order denying Defendant's motion for relief.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**J. MILES HANISEE, Judge**